AMERICAN MANUFACTURING COMPANY v. HELENA HARDWARE COMPANY.

Opinion delivered May 3, 1915.

1. BILLS AND NOTES—BONA FIDES—BURDEN OF PROOF.—The maker of a note, who admits the execution thereof, must establish by proof, any defense thereto which he alleges.

2. SALES—FAILURE OF CONSIDERATION—SUBSTITUTED AGREEMENT.—The parties to a contract in an advertising campaign for a contest for an automobile and other prizes, agreed to substitute another automobile for the one named in the contract. Held, under the facts there was no failure of consideration, when the substituted automobile was delivered in a reasonable time.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; reversed.

*Fink & Dinning,* for appellant.

There is no evidence that appellant violated the terms of the agreement, and the burden of proving a

breach of the contract was on appellee. The proof as to the advertising matter certainly is not sufficient. But if there had been a breach in that respect, appellee is in no position to complain after having received and appropriated the benefits under the contract.

Appellee undertook to reserve to itself the right to refuse payment until all goods were received. There is no such provision in the contract, and its act in so doing constituted the first breach of the contract.   105 Ark. 233.

*Moore, Vineyard & Satterfield,* for appellee.

1.   There was a breach by the appellant of the contract in the matter of the bond, in substituting for the bond prepared by appellee's attorney, which it had agreed to execute, another bond which was void, at least as to the surety. It purports to be executed by the American Surety Company of New York, by one Shonner, "resident vice president," and one Powell, "resident assistant secretary." There are no such officers as these recognized in law, and if there were such officers, their authority to bind the surety company or to execute the bond in question would have to be shown, it will not be presumed.   62 Ark. 33; 98 Ark. 168.

2.   Counsel review the evidence and say that appellee did not receive the automobile; that appellant did not ship it until it was a physical impossibility to have derived any benefits from the contest, and that appellant failed to carry out its agreement by failing and refusing to deliver the advertising matter specified in the contract, and necessary to put on the contest.

SMITH, J.  On October 20, 1911, the appellant entered into a contract with appellee to inaugurate an advertising campaign in the nature of a contest for an automobile and other prizes. The contract contained an order for an automobile and sixteen dinner sets and a large amount of literature and advertising matter necessary to put on the contest. The order was given upon condition that the hardware company's sales would be increased $40,000 within the twelve months next follow-

ing the contest. The contest was to begin immediately and close May 1 following, covering a period of six months. Pursuant to the contract, appellee deposited in the Bank of Helena its check for $150 and ten notes for $150 each, payable monthly, and this action was begun as a suit on these notes. These notes and the check were to be delivered to the appellant when a required bond was executed. The bond prepared by appellant's attorney was not executed, but another bond was returned in its place. It is not shown that the conditions of the bonds differed in any material respect. The president of the appellee company testified that he examined the bond which was in fact sent and accepted it and thereafter forwarded a check to cover the first payment.

As has been said, the contract was entered into in October and the contest was to close the following May, and it was provided in the contract that in the event the gross sales of appellee were not increased $40,000 that the appellant should return to appellee a part of the $1,650, which constituted the consideration for the contract, to be proportioned upon the difference in the amount of the increase, if any, in said gross sales and the sum of $40,000.

In its answer appellee pleaded failure of consideration, and also that the plaintiff had failed to carry out a campaign of advertising for the benefit of defendant's business which was provided for in the contract. Appellee filed a counter-claim and prayed judgment for the $150 of purchase money, which it paid, and for the further sum of $49 in freight which it had also paid upon the receipt of the automobile.

The instructions in the case were very brief, and appellee's position was stated in the court's instruction as follows:

"The defendant, Helena Hardware Company, alleges that the notes in question are without consideration, in that the plaintiff failed to comply with the terms and conditions of its contract; that is, the contract entered into between the plaintiff and defendant, and that they failed

to furnish the automobile in question within the time, or a reasonable time, after the execution of this contract. So if you find from the evidence in this case that the notes in question are without consideration, then you will find for the defendant.''

The court stated the converse of this proposition and directed the jury to find for appellant if they found from the evidence that appellant had complied with the terms and conditions of the contract.

The court further told the jury that if they found for appellee they would find for such amount as appellee had paid out by way of expense or otherwise.

Appellant requested only one instruction, which was as follows:

''You are instructed that if on or about February 15, 1912, the defendant agreed to accept a car different from the one mentioned in the contract in lieu thereof, then the jury should determine whether or not the car was delivered within a reasonable time after that, and, if so, to find for the plaintiff.''

Having admitted the execution of the notes, appellee assumed the burden of proof, and there was no other evidence than that offered in its behalf. The president of the appellee company testified that he had never received the advertising matter which appellant agreed to furnish. He testified that a box of advertising matter was received, and that upon opening it he found that some of it related to a similar contest being held in Marianna, and other portions of it related to a like contest being conducted in Oklahoma. He admitted, however, that upon notifying appellant of this fact he was advised to look further into the box, where he would find the necessary advertising matter; but that he did not obey this direction and did not know whether the box contained the advertising matter or not. This witness also testified that the automobile was not shipped at the time contracted for, and that the automobile shipped was not the one mentioned in the contract; but he admitted that on February 13, 1912, he had a conversation with the president of the appellant

company, at which time he agreed to accept the car which was shipped in lieu of the one described in the contract; and he admits the receipt of this car about the 4th of March thereafter. He denied, however, that appellee had ever had the car in its possession, but admitted that his company paid the freight on the car and put it on exhibition in a garage in that city. He further admitted that upon the failure of his company to pay the purchase money notes as they matured the appellant company undertook to recover the possession of the automobile and brought an action in replevin for that purpose, which was resisted by appellee, and that this suit had subsequently been dismissed by the appellant company.

The jury returned a verdict in favor of appellee for the initial payment of $150 and for the $49 in freight paid by appellee.

We think the instruction requested by appellant should have been given. The parties had the right to agree to the substitution of another car for the one contracted for and to waive the time within which it should be shipped, and if delivery was made within a reasonable time thereafter appellee would have no right to refuse to pay for the car because the one originally contracted for had not been delivered. It does not appear from appellee's own evidence that appellant failed in any other respect to perform its contract, and if there was no breach of the contract by a failure to deliver the automobile, appellant was entitled to a judgment. This was the effect of the instruction which was refused, and the judgment of the court below must therefore be reversed and the cause will be remanded for a new trial.